After an ore tenus hearing, the Circuit Court of Jefferson County refused to set aside a prior decree of divorce. The wife appeals and we affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in refusing to set aside the prior decree of divorce.
We deem it neither necessary nor prudent to detail the facts of the instant appeal. The following pertinent evidence is sufficient.
The parties were divorced on January 11, 1984. Under a "consent" agreement, which was incorporated into the divorce decree, the wife was awarded certain assets and periodic alimony; the husband was also required to pay child support.
In October 1984, the wife, pursuant to Rule 60 (b)(6), Alabama Rules of Civil Procedure, filed a motion to vacate the final judgment of divorce. The basis of the motion was that the wife is of Japanese origin *Page 432 
and did not understand the nature of her actions in signing the divorce agreement.
The wife's motion further stated that the wife totally relied upon her husband's advice that she did not need an attorney.
As stated, after an ore tenus hearing, the trial court denied the wife's motion to vacate the original divorce decree, and the wife appeals. It appears from a reading of the entire record that the wife's only complaint with the original decree was that she was not awarded the marital home.
First, we note that the appeal presents for review only the correctness of the judgment denying the wife's 60 (b)(6) motion and in no manner reviews the correctness of the original divorce decree. See Self v. Maynor, 421 So.2d 1279 (Ala.Civ.App. 1982);Gallups v. United States Steel Corp., 353 So.2d 1169
(Ala.Civ.App. 1978).
Relief under Rule 60 (b)(6), A.R.Civ.P., which provides for "any other reason justifying relief from the operation of the judgment," is justified only in those exceptional and compelling circumstances when a party can show sufficient equitable grounds to entitle him or her to relief. Hereford v. Hereford,425 So.2d 480 (Ala.Civ.App. 1983).
In addition, the decision whether to grant or deny relief, pursuant to Rule 60 (b)(6), falls within the judicial discretion of the trial court, and unless the trial court's discretion is abused, the decision will not be reversed on appeal. Pittman v.Pittman, 397 So.2d 139 (Ala.Civ.App.), writ denied, 397 So.2d 142
(Ala. 1981).
Here there was evidence that the wife was a United States citizen and read, spoke, and understood the English language. In fact, the usual conversation of the marriage was English, and the parties' two children spoke only English.
The wife also testified that she was aware of the meaning of divorce. In addition, there was evidence that the divorce agreement was signed only after the wife was given time to read the agreement and was asked several times if she understood the document.
At this point we note that, under the ore tenus rule, when the trial court personally hears the evidence, as in the instant appeal, the judgment appealed from is presumed to be correct on appeal and will not be reversed unless plainly and palpably wrong. Austin v. Austin, 408 So.2d 138 (Ala.Civ.App. 1981).
With the attendant presumptions in mind and in view of all the evidence, especially the fact that the wife read and understood the English language, was aware of the meaning of divorce, and had worked at various jobs, we cannot say that the trial court abused its discretion in denying the motion to vacate the final divorce decree.
Put another way, the facts in this instance do not indicate exceptional and compelling circumstances to justify relief under Rule 60 (b)(6), A.R.Civ.P.
Furthermore, this court indicated in McLaughlin v. McLaughlin,53 Ala. App. 545, 549, 302 So.2d 233, 237 (1974), that "the party seeking to set aside a divorce decree must tender any money received as a result of the divorce settlement to the husband or to the court before being entitled to any relief."
Here, the wife apparently made no effort to return any money or property derived from the original decree to the husband or to the court. As indicated, the wife appears satisfied with most aspects of the divorce agreement and, in the main, would only like to change the marital home provision. In fact, we note that, under the divorce agreement, the wife was allowed to live in the marital home for thirty-six months "rent-free."
Under all the circumstances, as indicated, the wife's motion was properly denied.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 433