BEATTY, Justice.
Plaintiff, Lorinda Otto, appeals from a summary judgment in favor of defendants, Thomas H. Guthrie, Sr., Patricia E. Guthrie, and Thomas H. Guthrie, Jr., in plaintiff’s action to recover damages based upon the alleged negligence of Thomas H. Guthrie, Jr. We reverse and remand.
On June 8,1983, plaintiff and Thomas H. Guthrie, Jr., were involved in an automobile collision in Huntsville. The automobile being driven by Guthrie, Jr., at the time was owned by one of his parents, either his mother, Patricia Guthrie, or his father, Thomas H. Guthrie, Sr.
*858 Thomas H. Guthrie, Sr., brought an action against Otto based upon negligence and wantonness to recover damages for the damage done to the Guthrie automobile. That action was brought in the Madison District Court and was filed on November 22, 1983. Defendant Otto answered on December 13, 1983, by pleading the general issue and contributory negligence. Then, on December 15, 1983, because her claim exceeded the jurisdiction of the district court, Otto filed an action in Madison Circuit Court against Guthrie, Jr., Guthrie, Sr., and against fictitious parties X, Y, and Z as owners of the Guthrie vehicle. The record shows that the attorney who represented Otto in the district court was not the attorney who represented her in the circuit court. Otto’s complaint in circuit court alleged negligence and wantonness against Guthrie, Jr., and negligent entrustment against Guthrie, Sr., and sought $100,000 in damages.
Meanwhile, Otto, as defendant in the district court case, filed interrogatories to Guthrie, Sr., plaintiff in that action. One of these interrogatories asked for the name of the owner of the Guthrie automobile at the time of the accident. The answer provided gave the name of the owner as Thomas Holmes Guthrie, Sr.
The district court action of Guthrie, Sr., against Otto was tried, and on May 29, 1984, a judgment was entered for the plaintiff in the amount of $4,100.
A short time later, on July 9, 1984, and again on August 9, 1984, the Guthries, as defendants in the circuit court action, moved to dismiss Otto’s claim against them on the ground that it was barred by res judicata, collateral estoppel, or by operation of Rule 13, A.R.Civ.P., as an unassert-ed compulsory counterclaim in the district court action. These motions were overruled.
On July 9, 1984, after the Guthries’ first motion to dismiss, and before their second motion to dismiss was filed in the circuit court action, the parties in the district court case, Guthrie, Sr., and Otto, entered into a “stipulation for dismissal” as follows:
“It is stipulated by and between the parties in this cause that the judgment heretofore entered may be set aside and that the complaint of the Plaintiff shall be dismissed with prejudice, costs taxed to the Defendant.”
Pursuant to this stipulation, the Madison District Court entered the following order:
“The above and foregoing stipulation having been presented to and considered by the Court, it is hereby Ordered and Adjudged that the judgment heretofore entered in this cause is set aside and all claims of the Plaintiff which are the subject of the above styled cause be and the same are hereby dismissed with prejudice and costs taxed to the Defendant.”
On August 7, 1984, the plaintiff in the circuit court case, Otto, amended her- complaint by adding Patricia Guthrie as a defendant, alleging:
“A. That it has been determined that Patricia E. Guthrie is the legal owner of one 1968 Mercury Cougar, which was involved in the accident referred to in the original complaint.”
Then, on September 6, 1984, all three Guthries, defendants in the circuit court case, moved for summary judgment. The motion was based upon the pleadings and an affidavit of the Guthries’ lawyer in the circuit court case, which attached the district court case file and included a statement that the plaintiff in the district court case, Guthrie, Sr., was one of the defendants in the circuit court case.
Plaintiff opposed the defendants’ summary judgment motion on the ground that no judgment of the district court then existed, as it had been set aside. Nevertheless, the trial court granted the motion. Whether that court erred in such action is the issue presented for review.
The initial, and controlling, question is what is the effect of the district court’s action in setting its prior judgment aside.
We must take note that there was no claim below, or before us presently, that counsel for the parties in the district court case acted without authority in seeking to *859 have the district court judgment set aside. For aught that appears, counsel for both sides, Guthrie, Sr., as plaintiff, and Otto, as defendant, agreed between themselves to the judgment’s being set aside and to the dismissal of Guthrie’s complaint as to him with prejudice. Nor is there any contention that the district court lacked jurisdiction of the cause. Plaintiff here (defendant in the district court case) argues in her brief that the district court properly acted under Rule 60(b)(2), A.R.Civ.P., in setting aside the judgment. Defendants, the Guth-ries, counter with the argument that (1) no 60(b) motion was filed in the district court, and (2) the district court could not have granted such relief because no post-trial motions were filed within 14 days under Rule 59(dc), A.R.Civ.P. Neither of these contentions is tenable here.
Disposing of the latter contention first, we must observe that a Rule 60(b) attack upon a judgment is a device independent of the normal procedures available under Rule 59. Indeed, Rule 60(b) “specifies certain limited grounds upon which final judgments may be attacked, even after the normal procedures of motion for a new trial and appeal are no longer available.” Thus, in order to attack the judgment by utilizing Rule 60(b), it was not incumbent upon the defendant in the district court case to move for the ordinary post-judgment relief under Rule 59.
It is true that the record of the district court’s action contains no reasons for its action setting its judgment aside, except the stipulation of the parties. Perhaps the district court, in setting its judgment aside, treated the stipulation as a motion for 60(b) relief. Even so, its order was a final order from which an aggrieved party could have appealed. Cf. Chambers County Commissioners v. Walker, 459 So.2d 861 (Ala.1984). But neither party to the district court action appealed. Instead, plaintiff in that action, a defendant in this circuit court action, together with the other two defendants, makes a collateral attack upon that final judgment of the district court. A judgment which is regular on its face and indicates subject matter and personal jurisdiction is conclusive on collateral attack. Williams v. First National Bank of Mobile, 384 So.2d 89 (Ala.1980), and cases cited therein. The judgment attacked herein accords with all those requirements: (1) it is regular on its face; and (2) it refers to a cause upon which the district court clearly had power to act, and refers to parties who had appeared before that court and who, by stipulation, referred to its very judgment affecting them. Thus, the attempt, by a summary judgment motion made in a different proceeding in a different court, to invoke the district court’s prior judgment for Guthrie, Sr., which had been set aside by a subsequent order, was a collateral attack on this subsequent order which could not succeed.
The order of the district court setting aside its earlier judgment for the defendant, Guthrie, Sr., resulted in there no longer being any judgment upon which res judicata, collateral estoppel, or Rule 13, A.R.Civ.P., could operate. Accordingly, the circuit court erred in granting summary judgment for these defendants. For that reason, the judgment must be, and it hereby is, reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
MADDOX, JONES and SHORES, JJ., concur.
TORBERT, C.J., concurs in the result.