This is a divorce case.
Following an ore tenus hearing, the trial court divorced the parties a mensa et thoro (divorce from bed and board). The trial court awarded custody of the parties' two minor children to the husband.
Following the entry of the divorce decree in March 1985, the wife filed a motion under Rule 59, Alabama Rules of Civil *Page 432 
Procedure, to alter, amend, or vacate the decree, or, alternatively, for a rehearing. The motion was denied by operation of law under Rule 59.1, A.R.Civ.P., and the wife appealed to this court.
After filing her notice of appeal, the wife filed in the trial court a motion for relief from the divorce decree under Rule 60 (b), A.R.Civ.P. Following an ore tenus hearing, the trial court denied the 60 (b) motion, and the wife then filed a second notice of appeal to challenge the denial of that motion.
The two appeals have been consolidated for consideration by this court. We affirm as to both.
 I
The wife's primary contention on appeal is that the trial court erred in awarding custody to the husband. We disagree.
In a divorce case, in which the evidence has been presented to the trial court ore tenus, its judgment is presumed to be correct and will not be reversed on appeal, unless it is so unsupported by the evidence as to be plainly and palpably wrong. Coby v. Coby, 489 So.2d 597 (Ala.Civ.App. 1986); Lucerov. Lucero, 485 So.2d 347 (Ala.Civ.App. 1986); Dyar v. Dyar,484 So.2d 1116 (Ala.Civ.App. 1986).
Moreover, matters of custody are within the discretion of the trial court, and its judgment will not be reversed absent a showing that it has abused that discretion. Lucero, 485 So.2d at 348; Hester v. Hester, 460 So.2d 1305 (Ala.Civ.App. 1984);Robbins v. Robbins, 447 So.2d 789 (Ala.Civ.App. 1984). The wife has not shown any such abuse in the present case; there is evidence to support the trial court's award of custody to the husband. In particular, we note the following:
The parties separated in December 1982 after being married approximately six years. The wife took with her to live the parties' two minor children, a son and daughter, who were seven and five years of age at the date of the trial of the case.
At least a year after the parties separated, the wife moved to Michigan with the children, where they now reside in a suburb of Detroit. They live in a two-bedroom apartment, which they share with Shirley Crosslin, the husband's sister-in-law and the wife's close friend.
The wife apparently does not work. She attends a junior college and testified that she took approximately eight hours of classes per week. The wife also testified that she teaches the parties' seven-year-old son at home, instead of sending him to school. She admitted on cross-examination that she has only a high school education, but she stated that at the present time she did not believe it was important that a certified teacher teach the son. The wife further stated that she intended to continue to teach the son at home herself for another year, at which time she hoped to hire a private tutor.
On cross-examination the wife testified that she believes her husband has a mental or emotional problem and that this problem was the cause of the breakdown of their marriage. She admitted that the husband had acceded to all her requests that he undergo psychological counseling or testing and that the psychologists who examined him were of the opinion that he had no mental or emotional problem. The wife testified that she believes these psychologists are incorrect and that the husband still has a mental or emotional problem.
The wife also admitted that Shirley Crosslin is separated from her husband, the brother of the plaintiff-husband, and that Shirley told the wife that he, too, suffers from an emotional or mental condition. The husband testified that the wife believed, at least at some time, that the entire male side of his family suffered from some mental or emotional problem.
The wife further admitted that a doctor had suggested that she, too, undergo the same kind of psychological tests to which the husband had submitted. She refused, however, because she does not believe that she has a problem. *Page 433 
It is our opinion that the above-recited evidence supports the trial court's decision that it was in the best interests of the children that custody be awarded to the husband. We point out to the wife that the so-called rule of repose, see Ex parteMcLendon, 455 So.2d 863 (Ala. 1984), does not apply in this case, which was an initial custody determination.
The wife further contends, however, that the trial court should have applied the "clean hands doctrine" to bar the husband's claim to custody. It does not appear from the record that the wife asserted this doctrine as an affirmative defense or theory with which to block the husband's claim, but we agree with the wife that there is some evidence in the record which could support a finding that the husband did not come to the trial with totally clean hands.
There is evidence, however, which could support a similar conclusion with regard to the wife. It was the responsibility of the trial court to weigh and resolve all such competing evidence. This court cannot on appeal reweigh the evidence or substitute its judgment for that of the trial court.
As an additional part of her challenge to the trial court's award of custody to the husband, the wife contends that the trial court erred in permitting the opinion testimony of two expert witnesses called by the husband.
Whether a particular witness should be allowed to testify as an expert is a matter within the sound discretion of the trial court, and its decision will not be disturbed by this court absent a showing of a palpable abuse of that discretion.Thurman v. Thurman, 454 So.2d 995 (Ala.Civ.App. 1984); Tuckerv. State, 445 So.2d 311 (Ala.Civ.App. 1984).
No such abuse has been shown here. The first witness, a clinical psychologist who had engaged in marriage counseling with the parties, testified that he thought the husband "would make a very adequate father" and that "a child is better off in a public school where they are exposed to other children, they are exposed to other authority figures, they are exposed to an opportunity for socialization with their peers from which they learn." The second witness, who was a high school principal and friend of the parties, testified that in his opinion "a child at home cannot receive an adequate education, if they're not being served by certified people. . . ."
The wife contends that neither witness was qualified to give his opinion regarding a home-based education as opposed to a school education because neither had seen the children in over two years and both were unfamiliar with the son's particular home-based curriculum. The opinions given by the witnesses, however, did not concern the parties' son in particular, or his home-based curriculum. The opinions were, rather, of a general nature regarding any home-based education as opposed to that received in public school.
We find no abuse of the trial court's discretion in its allowing these two witnesses to give the limited opinions set forth above.
The wife further contends that the trial court erred in failing to order psychological evaluations or a DPS (Department of Pensions and Security) investigation of the parties and the children. We disagree.
With regard to the DPS investigation, the record does not show that the wife ever requested such an investigation. Rather, it was the husband who moved for a DPS investigation shortly after he filed the complaint for divorce. We, thus, find no basis for the wife's complaint on appeal that the trial court erred in not ordering such an investigation.
The record does show that the mother filed a motion seeking psychological evaluations of the parties and the children, but that she did not do so until after the trial of the case and the entry of the divorce decree. Whether to grant a request for psychological evaluations is a matter which rests within the discretion of the trial court. Perry v. Perry, 460 So.2d 1324
(Ala.Civ.App. 1984). Under the circumstances *Page 434 
described, no abuse of that discretion has been shown which would warrant reversal.
 II
As briefly noted above, following the entry of the divorce decree, the wife filed a motion under Rule 59, A.R.Civ.P., to alter, amend, or vacate the decree, or, alternatively, for a rehearing. The record does not show that the court made a ruling on the motion, and it was apparently denied by operation of law under Rule 59.1, A.R.Civ.P.
The wife contends that the trial court erred in failing to grant her a hearing on her Rule 59 motion before it was denied.
We agree with the wife that, under Rule 59 (g), A.R.Civ.P., a trial court may not rule on a Rule 59 motion "until the parties have had an opportunity to be heard thereon." This court has reversed trial courts which have denied such motions without first affording the movants a hearing. See Adams v. City ofDothan Board of Education, 475 So.2d 580 (Ala.Civ.App. 1985);Steel v. Steel, 402 So.2d 1036 (Ala.Civ.App. 1981).
The circumstances in this case, however, are quite different from those in Adams and Steel, in which the trial courts expressly denied the Rule 59 motions without granting the movants a hearing. In contrast, in this case the trial court never acted, and the motion was simply denied by operation of law.
More important, however, is the fact that the record itself does not show that the wife was not given a hearing. Rather, the record shows that the trial court set the motion for a hearing and then, with the parties' consent, twice continued the date for the hearing. The second continuance was granted by order of August 1, 1985, in which the hearing was reset for September 11, 1985. For aught that appears in the record, the wife simply did not show up for the scheduled hearing.
The wife would apparently have us presume that the trial court did not do what it said it would do in its order of August 1, 1985 — hold a hearing on September 11, 1985. This we cannot do. Moreover, we note that the burden was on the wife, as the movant, to pursue the hearing which the record shows was set by the trial court.
 III
After the wife filed her initial appeal, she filed in the trial court a motion for relief from the divorce decree under Rule 60 (b), A.R.Civ.P., having first obtained this court's permission to do so. The part of the decree from which she sought relief was that which awarded custody of the children to the husband. Following an ore tenus hearing, the trial court denied the wife's motion.
The trial court has wide discretion in making a determination to grant or deny a 60 (b) motion. Shipe v. Shipe, 477 So.2d 430
(Ala.Civ.App. 1985); Coburn v. Coburn, 474 So.2d 728
(Ala.Civ.App. 1985). Its determination in this regard will be reversed only for an abuse of that discretion. Shipe, 477 So.2d at 432; Coburn, 474 So.2d at 729. The wife has established no such abuse.
We note that in her 60 (b) motion itself, the wife did not specify which of the six reasons in Rule 60 (b) justified her claim for relief from the divorce decree's custody provisions. In her appellate brief, however, the wife appears to rely on 60 (b)(6): "any other reason justifying relief from the operation of the judgment."
In support of her 60 (b) motion, the wife introduced affidavit testimony favorable to herself and the current status of the children. She also presented as evidence the results of certain I.Q. and psychological tests which she and the children had taken and testimony concerning those results. The tests appeared to establish that both she and the children had normal or superior I.Q.s and that they were mentally healthy. The wife further showed in support of the 60 (b) motion that the children are now enrolled in a private school *Page 435 
and that the son is apparently no longer being taught by her at home.
Relief under Rule 60 (b)(6) "is justified only in those exceptional and compelling circumstances when a party can show sufficient equitable grounds to entitle him or her to relief."Shipe, 477 So.2d at 432. We do not think that any of the evidence presented by the wife in support of her motion showed such exceptional or compelling circumstances as to entitle her to relief from the custody provisions of the divorce decree. Accordingly, there was no abuse of discretion by the trial court in denying the wife's 60 (b) motion.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.