HOLMES, Judge.
This appeal arises from a motion filed pursuant to Rule 60(b)(6), Alabama Rules of Civil Procedure, to vacate a judgment which had been entered by the trial court affirming the parties’ workmen’s compensation settlement.
Following two ore tenus hearings, the trial court denied the plaintiffs 60(b)(6) motion.
The plaintiff appeals. We affirm.
The decision of whether to grant or deny a Rule 60(b) motion falls within the discretion of the trial court, and that decision will not be set aside on appeal unless an abuse of that discretion is shown. Brooks v. Brooks, 494 So.2d 645 (Ala.Civ.App.1986); Shipe v. Shipe, 477 So.2d 430 (Ala.Civ.App.1985); Coburn v. Coburn, 474 So.2d 728 (Ala.Civ.App.1985).
Our review of the record shows no abuse of discretion by the trial court in denying the plaintiff’s motion.
Relief from a judgment under Rule 60(b)(6) is justified only in those exceptional and compelling circumstances when a party can show sufficient equitable grounds to warrant relief. Shipe, 477 So.2d 430; Hereford v. Hereford, 425 So.2d 480 (Ala.Civ.App.1983). The record does not reflect such exceptional or compelling circumstances.
The plaintiff contends that the original judgment must be vacated because at the time it was entered, affirming a workmen's compensation settlement of $14,000, he was suffering from organic brain syndrome and did not understand what he was doing, and the trial court was not aware of his condition.
The record, however, shows that prior to entering its judgment, an ore tenus hearing was conducted, at which time the plaintiff testified regarding his work-related injury and the proposed settlement. The trial court itself posed questions to the plaintiff, who stated to the court that his attorney had explained the settlement to him and that he understood it. Furthermore, after a discussion with his attorney, the plaintiff then testified that he thought the settlement was “in my best interest.”
In view of the above, as well as the fact that the trial court held two ore tenus hearings to consider the plaintiff’s 60(b)(6) motion, we find no abuse of the trial court’s discretion in denying the motion.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.