Plaintiff, Arvil Greenhill, appeals from a summary judgment granted in favor of the defendants, Bear Creek Development Authority, Don Sibley, and Farris Taylor. We affirm.
Plaintiff purchased a recreational use permit allowing him to picnic or camp on property subject to the general supervision of the Bear Creek Development Authority (BCDA) (see § 33-15-1, et seq., Ala. Code 1975). He was subsequently arrested for using restricted areas of that property in violation of BCDA rules and regulations, and thereafter he was convicted in the Circuit Court of Franklin County of third degree criminal trespass. The plaintiff did not appeal that conviction. Instead, he later brought this lawsuit against the BCDA; its administrator, Don Sibley; and one of its park rangers, Farris Taylor.
In his complaint, the plaintiff sought damages for the defendants' alleged breach of contract, unlawful arrest, and malicious prosecution (count one); requested a declaratory judgment as to his rights under the recreational use permit (count two); and challenged the validity of his previous criminal conviction (count three). The trial court first granted a summary judgment in favor of the defendants as to count three; thereafter, it held an ore tenus hearing on the plaintiff's request for a declaratory judgment (count two) and entered the following order:
 "This is a declaratory judgment action which was submitted for final judgment of the Court upon the plaintiff's complaint, the answer of the defendants, certain agreed stipulations between the parties and the oral testimony taken before the Court on the 11th day of July, 1986.
 "The Court finds from the evidence that the Bear Creek Development Authority is empowered, pursuant to the provisions of Section 33-15-6(4)(f), Code of Alabama, as amended, to make and enforce reasonable rules and regulations governing the use of any facilities and other BCDA property. The defendant Authority has written and published certain rules and regulations governing the use of its facilities regarding camping. However, the said regulations do not define picnicking or camping, the activity forming the basis of the present litigation.
 "It is, therefore, ORDERED, ADJUDGED and DECREED by the Court as follows:
 "A. The rules and regulations made and enforced by the defendant Bear Creek Development Authority regarding picnicking and camping in unrestricted areas [were] reasonable.
 "B. That the plaintiff was previously warned of said rules and regulations by [Farris] Taylor several days prior to his arrest.
 "C. That the plaintiff paid no attention to this warning, took no action to correct his trespass but persisted in the same.
 "D. That the plaintiff was legally arrested and convicted of his violation of said rules and regulations beyond a reasonable doubt from which he took no direct appeal."
Subsequent to the entry of the declaratory judgment, the trial court granted a summary judgment in favor of the defendants as to count one.
Initially we note that the plaintiff did not appeal from the declaratory judgment. He appealed only from the summary judgment granted to the defendants.
Instead of appealing his criminal conviction, the plaintiff chose to challenge the validity of that conviction in a collateral civil proceeding seeking declaratory relief and damages. It is a well settled rule that a judgment of a court that has jurisdiction of the subject matter and the parties and possesses the power to render the particular judgment is immune from collateral attack. Duncan v. Kent, 370 So.2d 288
(Ala. 1979). This case is governed by that rule; therefore summary judgment was proper as to count three. *Page 940 
The declaratory judgment shows that the trial court found the plaintiff had violated the reasonable rules and regulations established by the BCDA concerning picnicking and camping in restricted areas of the property. The plaintiff was aware at the time of his arrest that he was in violation of those rules and regulations. These findings by the trial court, as well as the previous criminal conviction, are conclusive with respect to the plaintiff's claims for breach of contract, unlawful arrest, and malicious prosecution (count one). Seybold v. Magnolia Land Co., 376 So.2d 1083 (Ala. 1979) (breach of contract consists of the failure without legal excuse to perform any promise forming the whole or part of the contract); Carruth v. Barker, 454 So.2d 539 (Ala. 1984) (the only requisite to a valid arrest is probable cause on the part of the arresting officer; probable cause exists where facts and circumstances, of which the officer has reasonably trustworthy information, are sufficient to lead a reasonable man to believe that an offense has, in fact, been committed); S.S. Kresge Co.v. Ruby, 348 So.2d 484 (Ala. 1977) (to be successful in an action for malicious prosecution, the plaintiff must prove the following elements: 1) a judicial proceeding initiated by the defendant, 2) that it was initiated without probable cause, 3) malice on the part of the defendant, 4) a termination of the judicial proceeding favorable to the plaintiff, and 5) damages).
We affirm the summary judgment as to counts one and three, because there is no genuine issue of material fact and the defendants are entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.