HOLMES, Judge.
This is a workmen’s compensation case.
The trial court granted the employee’s motion to set aside a workmen’s compensation settlement which the trial court had previously approved and to which it had entered an order to that effect.
The employer appeals. We reverse and remand.
The dispositive issue on this appeal is whether the trial court erred by granting the employee’s motion to set aside the set *294 tlement without giving the employer an opportunity to be heard on the matter.
The record shows that the employee and counsel for the employer came before the trial court on July 17, 1986, to obtain court approval of a workmen’s compensation settlement pursuant to Ala.Code (1975), § 25-5-56 (1986 Repl.Vol.). On July 23rd, the trial court approved the settlement and entered an order to that effect.
On August 12, 1986, the employee submitted a motion to the court, requesting that the court-approved settlement be set aside. On that same day the trial court, without any hearing or notice to counsel for the employer, granted the employee’s motion and set aside the workmen’s compensation settlement. Also on that same day the employee filed a claim for his compensation benefits.
The employer in part contends that the trial court erred in not affording it the opportunity to be heard on the employee’s motion to set aside. We agree.
It is undisputed that the employer was not notified that the employee had submitted a motion to set aside the settlement agreement. In view of the Alabama Rules of Civil Procedure and the pertinent case law, we must reverse the trial court for granting the aforesaid motion, under the facts of this case, without giving the employer an opportunity to be heard on the matter.
Rule 59(g), A.R.Civ.P., is unequivocal on the point that post-trial motions “shall not be ruled upon until the parties have had opportunity to be heard thereon.”
In reversing a trial court for failing to hold a hearing on a post-trial motion after being requested by one of the parties to do so, we noted the following in Adams v. City of Dothan Board of Education, 475 So.2d 580, 582 (Ala.Civ.App.1985):
“In the case at bar appellants filed a motion to set aside judgment of the court or for a rehearing or new trial. Appellants then requested a hearing of their motion. The court denied the motion the day after filing without permitting a hearing, contrary to rule 59(g). By such action, the trial court committed reversible error. We note that rule 6(d), A.R. Civ.P., requires that notice of the hearing on such motion must be served no later than five days before the time specified for the hearing. No such notice was given. Rule 59(g) and rule 6(d) were not followed by the court in this ease.”
In this case the employer was never even afforded the opportunity to request that a hearing be held on the motion.
Rule 78, A.R.Civ.P., provides in pertinent part the following:
“To expedite its business, the court may make provision by rule or order for the submission and determination of motions not seeking final judgment without oral hearing upon brief written statements of reasons in support and opposition.”
That is, the rule prohibits the granting of motions seeking final judgment without giving the parties an opportunity to be heard orally. In those instances where a hearing is not required, the rule nevertheless requires “brief written statements of reasons in support and opposition.”
As indicated, the employer was neither afforded the opportunity to request a hearing nor afforded the opportunity to file anything in opposition to the employee’s motion.
When the trial court granted the employee’s motion in this case, it found the settlement previously agreed to by the parties and approved by the court to be invalid. It found the settlement invalid without notifying the employer of its intended action and without affording the employer an opportunity to be heard on the matter. This is error.
We cannot determine from the bare allegations of the employee’s motion whether the trial court properly set aside the settlement or not. We recently reversed and remanded a case so that the trial court could “hold a hearing upon the ... motion for a new trial, whereby proper proof of the alleged newly discovered evidence can be offered, evaluated, and considered.” Morris v. Morris, 521 So.2d 996 (Ala.Civ.App.1988).
*295 Alabama law similarly requires that, under the facts herein, this case be reversed and remanded so that a hearing can be held on whether to set aside the workmen’s compensation settlement.
In view of the above, other issues presented on this appeal have been preter-mitted.
REVERSED AND REMANDED.
BRADLEY, P.J., and INGRAM, J., concur.