This is an appeal from partial summary judgments, made final pursuant to Rule 54(b), A.R.Civ.P., as to Counts I and II, granted in favor of Dona Thompson, plaintiff, against the Estate of Luella M. Congdon, and Russell Y. Greene, Layton E. "Bud" Congdon, and Stephen C. Greene, individually and as co-executors of the estate of Luella M. Congdon, deceased (all referred to hereinafter as "Estate"). Post-judgment motions were denied. This appeal followed.
In Count I, Ms. Thompson requested the court to determine the title to certain real property situated in Madison County, Alabama ("the property"). The trial court's partial summary judgment "divested [the Estate] of any and all right, title and interest" in and to the property; "invested [Ms. Thompson] with the full legal title in and to [the property]"; ordered the Estate to "immediately surrender the property to [Ms. Thompson]"; and ordered that the partial summary judgment and a description of the property "be recorded in the Office of the Judge of Probate of Madison County, Alabama."
In Count II, Ms. Thompson sought possession of the property, alleging that she held legal title to the property. The trial court's judgment ejected the Estate from the property. It provided that Ms. Thompson's title was "superior to any right, title or interest that is claimed or could presently be claimed by the [Estate] in and to [the property]"; that the Estate was "divested of any and all right, title or interest possessed, claimed or which could presently be claimed by the [Estate] in and to [the property]"; and that Ms. Thompson was "invested with any and all right, title or interest possessed, claimed or which could presently be claimed by the [Estate] in and to [the property]."
The issues before us are whether the trial court erred in granting partial summary judgment in favor of Ms. Thompson and in ruling on the post-judgment motions without giving the parties an opportunity to be heard.
The facts and circumstances of this suit are complicated and lengthy. Basically, Ms. Thompson claims title to the real property in question by virtue of a mechanic's lien that was reduced to a judgment and by virtue of a sheriff's sale in which she purchased all the right, title, and interest of Bud and Barbara Jean Congdon in and to the property. The Estate claims title to the property by virtue of a declaratory judgment that established a constructive trust as to the property in the amount of $300,000 and by virtue of a clerk/register's sale *Page 378 
in which it purportedly purchased all the right, title, and interest of Bud and Barbara Jean Congdon in and to the property.
Ms. Thompson owns and operates an interior decorating company. Between August 1984 and July 22, 1985, Bud and Barbara Jean Congdon contracted with Ms. Thompson to supply work, labor, supplies, and materials for the property. When Ms. Thompson was not paid upon completion of the work, she sent letters by certified mail, return receipt requested, and by regular mail to Bud and Barbara Jean Congdon and their children, notifying them that Ms. Thompson claimed a mechanic's lien for a specified amount for the work, labor, building materials, and supplies that she had expended upon and incorporated into the property.
Subsequently, on August 13, 1985, Ms. Thompson filed her mechanic's lien statement in the probate office of Madison County, the county in which the property is situated, and filed suit in the Madison Circuit Court, seeking a judgment fixing and establishing a mechanic's lien on the property for the amount of the debt. She also sought a personal judgment for damages for the unpaid balance of the debt against Bud and Barbara Jean Congdon. In the meantime, Barbara Jean Congdon filed a divorce action against Bud Congdon. Russell Y. Greene and Stephen C. Greene, as co-executors of Luella M. Congdon's estate, filed a motion to intervene in the divorce action and a complaint for declaratory judgment, seeking to impose a constructive trust on the property in favor of the Estate in the amount of $300,000. Ms. Thompson was not made a party to that divorce proceeding. The trial court entered the declaratory judgment in favor of the Estate and entered a consent divorce judgment ordering the property sold. The Estate filed a certified copy of the declaratory judgment with the Madison County judge of probate on June 6, 1986.[1]
Both the consent divorce judgment and the declaratory judgment establishing the constructive trust provided for the same priority and disbursement of the proceeds of the sale of the property:
 "To the expenses of sale, then to the satisfaction of existing labor and materialmen liens filed of record in the Probate Office within the statutory period, then to the payment of the equitable lien in favor of the Estate of Luella M. Congdon, deceased, together with any accrued interest at the statutory rate for judgments and then any balance thereof shall be divided equally between [Bud Congdon and Barbara Jean Congdon]." (Emphasis added.)
On November 25, 1986, the trial court granted Ms. Thompson a summary judgment in her action to enforce a mechanic's lien for a specified amount on the property. Subsequently, the trial court extended its summary judgment by entering a personal judgment against Bud and Barbara Jean Congdon for the amount of the mechanic's lien. On January 30, 1987, Ms. Thompson filed a certificate of judgment with the probate judge of Madison County and subsequently filed an execution against the property and a notice of levy. Thereafter, the sheriff of Madison County held a sale, at which Ms. Thompson purchased the property.
The Estate contends that the trial court erred in entering partial summary judgment on both Counts I and II, because, it says, Ms. Thompson based her motions only on her pleadings and an unsworn memorandum of law and because the trial court made material findings of fact as a predicate to the entry of summary judgment.
Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. All reasonable doubts concerning the existence of a genuine issue of *Page 379 
material fact must be resolved against the moving party. The applicable standard of review is the "substantial evidence rule." Ala. Code 1975, § 12-21-12; Perry v. Hancock Fabrics,Inc., 541 So.2d 521 (Ala. 1989).
The propriety of a summary judgment must be tested by reviewing what the trial court had before it when it entered the judgment. Willis v. Ideal Basic Industries, Inc.,484 So.2d 444 (Ala. 1986). The trial court may consider pleadings, answers to interrogatories, depositions, and affidavits in determining whether there is a genuine issue of material fact. Rule 56(c), A.R.Civ.P.
At the time Ms. Thompson's motion for summary judgment was submitted for a hearing, the trial court had before it the pleadings, the documents referred to or described in Ms. Thompson's complaint, Ms. Thompson's memorandum of law with attached exhibits, the opposing affidavit of Bud Congdon, and Ms. Thompson's reply affidavit. From our review of the record, it appears to us that the trial court properly considered these documents before determining whether there was any triable issue of fact to be decided by a jury.
The Estate also contends that the trial court improperly substituted summary judgment for a trial of several disputed issues of fact. We have examined these alleged issues of fact, all of which concern the validity of Ms. Thompson's mechanic's lien, and we disagree with the Estate's contention. These could be issues of fact only if the validity of Ms. Thompson's mechanic's lien were at issue. However, as the following discussion will show, the validity of Ms. Thompson's mechanic's lien is not at issue in the case before us.
The undisputed evidence reveals that a valid and enforceable mechanic's lien was fixed and established in favor of Ms. Thompson in and to the property by the judgment entered November 25, 1986. Ms. Thompson's lien automatically related back to August 1984, the date that she originally supplied her work, labor, supplies, and materials.
Ala. Code 1975, § 35-11-211, states in pertinent part:
 "Such lien as to the land and buildings or improvements thereon, shall have priority over all other liens, mortgages or incumbrances created subsequent to the commencement of work on the building or improvement. . . ." (Emphasis added.)
The lien comes into existence immediately when one provides any materials or performs labor upon the property but remains inchoate unless a statement of lien is timely filed[2] with the judge of probate of the county in which the property is situated (§ 35-11-213), and unless suit is timely filed[3] to perfect the mechanic's lien (§ 35-11-221). Lily Flagg BuildingSupply Co. v. J.M. Medlin Co., 285 Ala. 402, 232 So.2d 643
(1970). Once these two steps are timely undertaken, the lien relates back to the date that the materials or labor was provided, and the priority of the lien is determined according to § 35-11-211. Gamble's, Inc. v. Kansas City Title InsuranceCo., 283 Ala. 409, 217 So.2d 923 (1969). Such a lien has priority over encumbrances attaching after the commencement of the work. Grimsley v. First Ave. Coal Lumber Co., 217 Ala. 159,115 So. 90 (1927); Gamble's, Inc., supra. When suit is filed, all persons interested in the property charged with the lien may be made parties, and those that are not made parties shall not be bound by the judgment or proceeding. § 35-11-223. Unless the lien claimant acquires actual or constructive notice of the interest of a particular party within the six-month period for filing suit, he need not join him as a party. LilyFlagg Building Supply Co., supra. The Estate did not purport to acquire an interest in the property until after the expiration *Page 380 
of the six-month period allowed by statute for filing suit. Ms. Thompson had no notice of any claim by the Estate during that six-month period and was not required to join the Estate as a party.
Bud and Barbara Jean Congdon and their children were made parties in Ms. Thompson's action to enforce her mechanic's lien. They were the only entities who had any interest in the property at the time that the work was done and the materials were furnished by Ms. Thompson, which was almost two years before the Estate's declaratory judgment was entered.
It is undisputed that Ms. Thompson filed a lien statement in the probate office of Madison County on August 13, 1985. This statement became a part of the chain of title to the property. A purchaser is charged with notice of what appears on the face of the instruments in his or her chain of title. Rolling "R"Constr., Inc. v. Dodd, 477 So.2d 330 (Ala. 1985); Ball v.Vogtner, 362 So.2d 894 (Ala. 1978). On February 26, 1987, the Estate purchased the property at the clerk/register's sale held pursuant to the declaratory judgment. Because the Estate, when it purchased the property, had constructive notice of Ms. Thompson's mechanic's lien by virtue of her earlier filed lien statement, it purchased the property subject to the prior outstanding lien of Ms. Thompson. By the express terms both in the consent divorce judgment and in the Estate's declaratory judgment, existing mechanic's liens on record in the probate office were recognized and given priority over the claim of the Estate to the property. Furthermore, Bud Congdon, a co-executor of the Estate, was an individual party defendant in Ms. Thompson's mechanic's lien litigation. Thus, the Estate had both actual and constructive notice of the lien and could have joined Ms. Thompson as a party defendant in its declaratory judgment action or could have intervened in Ms. Thompson's suit to enforce her mechanic's lien. Instead of pursuing either of these courses, the Estate attempted to challenge the validity of that lien in the present action. It is well settled in Alabama that the judgment of a court that has jurisdiction of the subject matter and the parties and possesses the power to render the particular judgment is immune from collateral attack. See Greenhill v. Bear Creek Dev. Authority,519 So.2d 938 (Ala. 1988); Otto v. Guthrie, 475 So.2d 856 (Ala. 1985). That rule applies here; therefore, as previously stated, the validity of Ms. Thompson's mechanic's lien is not at issue in this case.
For the foregoing reasons, we hold that Ms. Thompson was entitled to a judgment as a matter of law, and the trial court did not err in entering summary judgment as to Counts I and II of Ms. Thompson's complaint.
The final issue for our resolution is whether the trial court erred in ruling on the Estate's post-judgment motions without affording the Estate an opportunity to be heard.
Rule 59(g), A.R.Civ.P., provides that a post-judgment motion "shall not be ruled upon until the parties have had opportunity to be heard thereon." In Chenault Motor Co. v. Chenault,522 So.2d 293 (Ala.Civ.App. 1988), the court held that Rule 59(g) is unequivocal on that point. The Court of Civil Appeals inChenault, in reversing the judgment of the trial court, which had failed to hold a hearing on a post-trial motion after being requested to do so by one of the parties, noted the holding inAdams v. City of Dothan Board of Education, 475 So.2d 580, 582
(Ala.Civ.App. 1985):
 "In the case at bar appellants filed a motion to set aside judgment of the court or for a rehearing or new trial. Appellants then requested a hearing on their motion. The court denied the motion the day after filing without permitting a hearing, contrary to rule 59(g). By such action, the trial court committed reversible error. . . ." (Emphasis added.)
The Estate, in its post-judgment motion dated September 26, 1988, which was denied without a hearing the day after it was filed, requested a hearing by inserting in its motion the words "pending the hearing of this motion." Under the holdings in *Page 381 Chenault and Adams, the trial court would have committed reversible error.
However, Rule 45, A.R.App.P., clearly states:
 "No judgment may be reversed or set aside, nor new trial granted . . . unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
After a thorough review of the Estate's post-judgment motion, we find that the Estate was merely reasserting the same issues that it had previously argued in opposition to Ms. Thompson's motion for summary judgment; it was not moving for relief from judgment based on newly discovered evidence not discoverable through due diligence in time to prevent judgment from being entered against it. Pacifico v. Jackson, [Ms. 87-834] (pending on rehearing) February 2, 1990 (Ala. 1990); Moore v. Glover,501 So.2d 1187 (Ala. 1986); see also Willis v. Ideal BasicIndustries, Inc., supra. Harmless error occurs, within the context of a Rule 59(g) motion, where there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court. As a matter of law, Ms. Thompson was entitled to a judgment on the issues that the Estate asserted in its motion.[4]
Therefore, the Estate has failed to demonstrate that the trial court's error injuriously affected its substantial rights. We are persuaded that, although the trial court committed error in not holding the requested hearing, that error was harmless. If it is clearly perceivable to the appropriate appellate court that the failure to hold the hearing did not injuriously affect the movant's substantial rights, as it is in this case, where the Estate's motion was not well taken as a matter of law, the error will be considered harmless. See Hicks v. Alabama Pest Services, Inc.,548 So.2d 148 (Ala. 1989). To the extent that Chenault Motor Co. v.Chenault, supra, and Adams v. City of Dothan Board ofEducation, supra, are inconsistent with this opinion, they are expressly overruled.
The Estate did not request a hearing on its post-judgment motion dated January 12, 1989. Therefore, the trial court was not in error in denying that motion without affording the parties an opportunity to be heard under Rule 59(g), A.R.Civ.P.
We affirm the judgment of the trial court.
AFFIRMED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS, STEAGALL and KENNEDY, JJ., concur.
[1] Although the Estate failed to file a certificate of judgment, the filing of a certified copy of the declaratory judgment substantially complied with the necessary requirements under Ala. Code 1975, § 6-9-211; therefore, a lien was imposed and a priority question arose. See Bowman v. SouthTrust Bank,551 So.2d 984 (Ala. 1989).
[2] The lien shall be deemed lost as to the original contractor unless a lien statement is filed in probate court within six months after the last item of work or labor has been performed or the last item of any material has been furnished. §35-11-215.
[3] Any action for the enforcement of the lien must be commenced within six months after the maturity of the entire indebtedness secured thereby. § 35-11-221.
[4] Compare Walls v. Bank of Prattville, 554 So.2d 381 (Ala. 1989), where this Court found "probable merit" in the motion.