THIGPEN, Judge.
The June 1989 divorce judgment of Gina Marie Askew Vincent (mother) and Darryl Askew (father) provided for the parties to exercise joint custody of their minor child by alternating physical custody of the child every three months. The mother appeals a determination by the trial court which continues the joint custody but grants physical custody to the father during the school year. She contends on appeal that the trial court improperly denied her post-judgment motion without conducting a hearing, and that the trial court further erred in granting physical custody of the child to the father during the school term without allowing the minor child to testify.
The record discloses that the father filed a petition for modification seeking custody of the child during the school year because the child was approaching school age. Thereafter, the mother filed a counter-petition, seeking sole custody of the child. At a hearing in September 1992, both parties agreed that a material change of circumstances had occurred since the last custody judgment because the child had attained school age. The parties stipulated that one parent should have physical custody of the child for the school term, and that the other parent should have physical custody of the child for the summer, together with an agreed-upon visitation schedule for the non-eustodial parent. The dispositive issue to be decided at trial was, therefore, which parent would have physical custody of the child for the school term.
Following an ore tenus proceeding, the trial court ordered that the father would have physical custody of the child during the school term, and that the mother would have physical custody during the summer. No child support was ordered from either party. Thereafter, the mother filed a post-judgment motion, and she requested oral argument. This post-judgment motion was summarily denied by the trial court without a hearing.
Following an ore tenus proceeding, the trial court’s judgment is presumed correct and may be set aside only when it is found to be plainly and palpably wrong. Euler v. Euler, 515 So.2d 710 (Ala.Civ.App.1987). This rule applies in reviewing child custody cases and requires a showing that the trial court abused its discretion. Wesson v. Wesson, 507 So.2d 536 (Ala.Civ.App.1987). Also, if custody has not previously been de *681 termined, then the appropriate standard for reviewing custody arrangements is “the best interest of the children.” Ex parte Couch, 521 So.2d 987, 989 (Ala.1988).
The first issue concerns whether the trial court erred in denying the mother’s post-judgment motion without affording her an opportunity to be heard. Rule 59(g), A.R.Civ.P., states that a post-judgment motion “shall not be ruled upon until the parties have had opportunity to be heard thereon.” In accordance therewith, this court has previously determined that Rule 59(g) is unequivocal regarding this point. See Chenault Motor Inc. v. Chenault, 522 So.2d 293 (Ala.Civ.App.1988); Staarup v. Staarup, 537 So.2d 56 (Ala.Civ.App.1988); and Adams v. City of Dothan Board of Education, 475 So.2d 580 (Ala.Civ.App.1985). As our Supreme Court, however, noted in Greene v. Thompson, 554 So.2d 376 (Ala.1989), Rule 45, A.R.App.P., states, in pertinent part:
“No judgment may be reversed or set aside, nor new trial granted ... unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.”
A thorough review of the mother’s post-judgment motion discloses that she was reasserting the same issues that were previously raised and asserted at trial. The substance of the motion states that the trial court’s judgment was contrary to the best interest and welfare of the child; that it was against the great weight of the evidence presented; and that the trial court failed to properly apply the child support guidelines of Rule 32, Ala.R.Jud.Admin. Evidence concerning these grounds in the mother’s motion was before the court, and the mother’s post-judgment motion raised nothing new or different for consideration.
Both parties testified regarding their respective homes and their abilities to care for the child, including the educational opportunities available in their respective communities. While the trial court found both parties to be suitable parents, nevertheless, the trial court found that the child should live with the father during the school term in view of the availability of a suitable public school, as compared to the private religious education available in the mother’s community in Kentucky. The trial court also considered the financial ability of both parties, and in view of the relatively low part-time income of the mother, and the income of the father, it determined that no child support should be payable from or to either party.
Actions concerning child support, although guided by the mandatory application of Rule 32, Ala.R.Jud.Admin., are still committed to the sound discretion of the trial court, and its decision will not be disturbed absent a finding of abuse of that discretion. Dinkel v. Dinkel, 598 So.2d 918 (Ala.Civ.App.1991). We find no abuse of discretion in the trial court’s determination that neither parent shall pay child support to the other in view of the mother’s limited income and the father’s obligation to provide for the child’s medical expenses as well as his support of the child during the school term. Thus, the mother has failed to demonstrate that the trial court’s error injuriously affected her substantial rights. We are persuaded that, although the trial court may have committed error in not holding the requested hearing, the error was harmless. Greene, supra.
The mother next argues that it was error for the trial court to grant physical custody to the father for the school term without considering the testimony of the minor child. The wish of a child to be with one parent rather than another is not compelling, but, rather, is only one factor to be considered by the trial court in determining custody. Hayes v. Hayes, 512 So.2d 119 (Ala.Civ.App.1987). We are not persuaded that the testimony of this six-year-old child should be controlling in the trial court’s decision regarding custody.
Based upon the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.