RICHARD L. HOLMES, Retired Appellate Judge.
This is an adoption case. This case was transferred to the author of this opinion on May 23, 1994.
On June 11, 1993, H.S., a 17-year-old, signed a consent form to allow G.H. and R.H. to ádopt her baby, S.G.W., who was born on March 23, 1993. At the time she signed this consent form, H.S. (mother) was represented by a guardian ad litem, who had been appointed by the court.
Aa.Code 1975, § 26-10A-13, provides in pertinent part:
“(a) A consent or relinquishment ... once signed or confirmed, may be withdrawn ... within five days , after signing of the consent or relinquishment....
“(b) Consent or relinquishment can be withdrawn if the court finds that the withdrawal is reasonable under the circumstances and consistent with the best interest of the child ... within 14 days after signing of the consent or relinquishment .... ”
Ma.Code 1975, § 26-10A-14(a), provides in pertinent part:
“(a) The consent or relinquishment, once signed or confirmed, may not be withdrawn except:
“(1) As provided in Section 26-10A-13; or
“(2) At any time until the final decree upon a showing that the consent or relinquishment was obtained by fraud, duress, mistake, or undue influence on the part of a petitioner or his agent or the agency to whom or for whose benefit it was given.”
On July 21, 1993, the mother, through her guardian ad litem, filed a petition to withdraw her consent to the adoption, pursuant to § 26-10A-14(a)(2). On August 16, 1993, *960 the probate court held a hearing on the petition to withdraw consent.
The mother testified at this hearing that her guardian ad litem had informed her of the time limits set out in § 26-10A-13 and that she had understood that she could change her mind within these five-day and fourteen-day time limits. She testified at length as to the reasons for her decision to sign the consent to adoption and as to the reasons for her decision to attempt to withdraw her consent to the adoption. The mother also testified that while her mother was not in favor of the adoption and had counselled against it, the baby’s biological father was in favor of the adoption. She testified that on the day she signed the consent papers, she was “confused and pressured” and that she made a “mistake” in signing the papers.
Following this hearing, the trial court denied the petition to withdraw consent and entered a final decree of adoption.
On August 30, 1993, the mother, through a new attorney, filed a “motion to set aside the adoption.” The motion was denied, without a hearing, on September 14, 1993.
The mother appeals.
The mother raises two issues on appeal. The first issue which we will address is whether the trial court erred when it denied the “motion to set aside the adoption” without holding a hearing on the motion.
We will consider the “motion to set aside the adoption” to be a post-judgment motion filed pursuant to Rule 59, A.R.Civ.P. It is well settled that “[t]he label one places on a motion is of little importance since the nomenclature of a motion is not controlling.” Rebel Oil Co. v. Pike, 473 So.2d 529, 531 (Ala.Civ.App.1985). Consequently, the courts in Alabama consider the relief sought within the motion in order to determine how to treat the motion. Rebel Oil Co., 473 So.2d 529.
Rule 59(g), A.R.Civ.P., provides that such post-judgment motions “shall not be ruled upon until the parties have had opportunity to be heard thereon.” However, our supreme court has determined that a trial court’s failure to hold a hearing on a post-judgment motion is not reversible error if it is determined that such failure was harmless error. Greene v. Thompson, 554 So.2d 376 (Ala.1989). Consequently, this court must determine whether the trial court committed reversible error when it denied the mother’s post-judgment motion without holding a hearing on the motion.
In Greene, 554 So.2d at 381, our supreme court made the following statements:
“After a thorough review of the Estate’s post-judgment motion, we find that the Estate was merely reasserting the same issues that it had previously argued in opposition to Ms. Thompson’s motion for summary judgment; it was not moving for relief from judgment based on newly discovered evidence not discoverable through due diligence in time to prevent judgment from being entered against it. Harmless error occurs, within the context of a Rule 59(g) motion, where there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.”
(Citations omitted) (emphasis added).
As noted above, our review of the record reveals that the mother testified at length during the August 16, 1993, hearing regarding both the reasons for her decision to sign the consent form to give her baby up for adoption and the reasons for her decision to attempt to withdraw that consent. The grounds asserted in her “motion to set aside adoption” were nothing more than additional grounds to support her decision to withdraw her consent to the adoption, pursuant to § 26-10A-14(a)(2). The grounds asserted were such that the mother would have been aware of these reasons at the time she testified regarding her desire to withdraw her consent. However, our review of the record reveals that she failed to voice these concerns to the trial court during the course of her testimony regarding her petition to withdraw consent to the adoption.
Therefore, the grounds asserted by the mother in her “motion to set aside adoption” *961 could not be classified as “newly discovered evidence not discoverable through due diligence in tíme to prevent judgment from being entered against [her].” Greene, 554 So.2d at 381. In view of the above, the trial court’s failure to have a hearing on the motion was harmless error.
The second issue raised on appeal by the mother is that she was denied effective assistance of counsel throughout the adoption proceeding. We would note that this issue was not raised at the trial level by the mother’s new counsel in her “motion to set aside adoption.” It is well settled that this court will not consider issues which were not raised at the trial level. Wood v. Wood, 600 So.2d 282 (Ala.Civ.App.1992). However, the record before this court clearly reveals that the mother was not denied effective assistance of counsel. See Crews v. Houston Comity Dep’t of Pensions & Security, 358 So.2d 451 (Ala. Civ.App.1978).
This ease is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.