In June 1994, Aleshia Kay Kilpatrick sued for a divorce from Timothy Chuck Kilpatrick, alleging incompatibility. The wife sought, among other things, custody of their minor children, child support, and a property division. The husband answered and counterclaimed *Page 1186 
for a divorce. Thereafter, on April 28, 1995, the trial court divorced the parties, incorporating the parties' written agreement into the divorce judgment. The parties were granted joint custody of the minor children, with the wife having primary physical custody.
Within 30 days of the divorce judgment, the wife filed a post-judgment motion, seeking to amend the judgment, and alleging that a portion of the parties' agreement regarding the tax deduction for the dependent children had been omitted because of a clerical mistake. She sought to have the judgment amended to add what she purported to be the parties' agreement in this regard. The husband filed an objection, arguing that there was no agreement regarding the dependent deduction, and that there was no reason to amend the judgment. He requested oral argument. Without holding a hearing, the trial court granted the wife's motion and amended the divorce judgment by adding the language requested by the wife.
The husband then filed a post-judgment motion pursuant to Rule 59, A.R.Civ.P., and again requested a hearing on the issue concerning the purported agreement. He alleged that the amended judgment was erroneous because it was a substantive change to the original judgment, that it was entered without affording him an opportunity to be heard, and that it was entered based upon ex parte communications involving the trial judge and the wife's counsel. He also requested that the trial judge recuse and that a different judge be assigned to the case. The recusal and reassignment occurred in September, and, ultimately, the husband's post-judgment motion was deemed denied by operation of law. Rule 59.1, A.R.Civ.P. The husband appeals.
Although both parties focus their arguments on whether the change made by the amended judgment was substantive in nature or was merely clerical, the dispositive issue is whether it was error to deny the husband's post-judgment motion without allowing him an opportunity to be heard after he had requested a hearing. Rule 59(g), A.R.Civ.P., states that a post-judgment motion "shall not be ruled upon until the parties have had opportunity to be heard thereon." See Staarup v. Staarup,537 So.2d 56 (Ala.Civ.App. 1988).
This court has affirmed in a similar situation wherein a post-judgment motion accompanied by a hearing request was deemed to be denied by operation of law. See Crosslin v.Crosslin, 494 So.2d 431 (Ala.Civ.App. 1986). There, however, the movant's request for a hearing was granted and "[f]or aught that appear[ed] in the record, the [movant] simply did not show up for the scheduled hearing." Crosslin, 494 So.2d at 434.Crosslin is distinguishable from the instant case in that inCrosslin, the movant simply failed to avail himself of theopportunity to be heard that was afforded. Here, in spite of his request for a hearing, the husband was not afforded any opportunity to be heard on his motion.
The provision of Rule 59(g), A.R.Civ.P., requiring a hearing before the court rules on a post-judgment motion, is unequivocal. See City of Jasper v. Waterworks Sewer Board,648 So.2d 595 (Ala.Civ.App. 1994); and Vincent v. Askew,628 So.2d 679 (Ala.Civ.App. 1993). One must, however, request a hearing. Greene v. Thompson, 554 So.2d 376 (Ala. 1989); Maplesv. Maples, 599 So.2d 625 (Ala.Civ.App. 1992); andFrederick v. Strickland, 386 So.2d 1150 (Ala.Civ.App. 1980). Furthermore, the motion must indicate harmful error, i.e., there must be probable merit to the motion. Walls v. Bank ofPrattville, 554 So.2d 381 (Ala. 1989), rev'd on other grounds,575 So.2d 1081 (Ala. 1991); and Lowe v. Lowe, 631 So.2d 1040
(Ala.Civ.App. 1993). See also Kitchens v. Maye,623 So.2d 1082 (Ala. 1993).
Our review of the husband's motion (as well as his opposition to the wife's earlier post-judgment motion) discloses probable merit to the husband's motion, particularly in light of the conflict regarding the purported agreement, the information regarding the ex parte communications, and the ultimate recusal by the trial judge. The denial of the husband's motion, without the husband's having been afforded an opportunity to be heard, is reversible error and must be set aside. The cause is remanded for proceedings in *Page 1187 
accordance with the Alabama Rules of Civil Procedure.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, J., concur.