Dan F. Campbell (the "husband") and Nina Sue Campbell (the "wife") were married in 1986. They adopted the wife's grandson. In September 1996, the husband sued for divorce. The case was set for a reference hearing[1] for the determination of child support pendente lite. At the reference hearing, the parties agreed that, in lieu of child support, "the expenses would be paid in the same manner as [they were] previously paid." The trial court entered a judgment of divorce in September 1997; among other things, it ordered the payment of child support for the minor child. The wife filed a motion styled as a "Motion to Correct the Judgment," in which she argued that the husband had failed to abide by the reference agreement and requested that the trial court order the husband to pay certain expenses. The motion is clearly not a Rule 60 (a), Ala. R. Civ. P., motion to correct a judgment. Because the nomenclature of a motion is not controlling, we will consider the relief sought in the motion to determine how to treat the motion. H.S. v. G.H., 640 So.2d 959,960 (Ala.Civ.App. 1994). The motion requests that the husband be ordered to pay expenses he had failed to pay under the reference agreement; therefore, it is in the nature of a contempt petition.
The trial court held a hearing on the wife's motion, at which both parties testified concerning the reference agreement and the expenses paid by the husband. The trial court ordered the husband to pay $3,009.75 in expenses he had failed to pay under the reference agreement. The husband appeals.
The testimony concerning both the parties' intent in entering the reference agreement and the expenses actually paid by the husband was disputed. Although the trial court did not actually use the term "contempt" in its judgment, it ordered that the husband pay certain expenses he had failed to pay. Therefore, we conclude that the trial court held the husband in contempt.
 "Whether a party is in contempt of court is a determination committed to the sound discretion of the trial court, and, absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, this court will affirm." *Page 78 
Stack v. Stack, 646 So.2d 51, 56 (Ala.Civ.App. 1994). When a trial court bases a decision on ore tenus evidence, this court will presume that the decision is correct. See Swann v. Swann,627 So.2d 429, 430 (Ala.Civ.App. 1993) (citations omitted). The ore tenus presumption is based in part on the trial court's ability to see and hear the witnesses before it and to make judgments concerning their credibility. O'Neal v. O'Neal,678 So.2d 161, 165 (Ala.Civ.App. 1996). The trial court heard the conflicting testimony in this case, and it alone has the duty to resolve those conflicts. Jones v. LeFlore, 421 So.2d 1287, 1288
(Ala.Civ.App. 1982); see also Kennedy v. Kennedy, 656 So.2d 1213,1215 (Ala.Civ.App. 1995).
The wife testified that, before they separated, she and the husband would pay bills together from a joint account. She testified that the husband had paid all the utility bills and had made most of the payments for the automobile driven by the minor child. She testified that she had agreed that her husband would not have to pay child support pendente lite because she thought they had agreed for him to pay the bills. She also testified that one expense listed on her exhibit to the trial court was in error; she agreed with the husband's counsel that a $364.56 automobile payment should be deducted from the total amount she claimed from the husband.
The husband testified that he made all utility payments and provided groceries for the wife and child during the pendency of the divorce. He also testified that the wife was responsible for paying for the upkeep of her car during the marriage, but that he was responsible for the upkeep and payments on the minor child's first automobile. He testified that the wife had assumed all responsibility for the child's second car. He testified that he had paid half of the wife's insurance premium but that he had refused to pay the bills from the Zales, J.C. Penney, and Montgomery Ward stores.
After considering all the testimony, the trial court found that the husband had agreed to be responsible for the "necessary and ordinary bills incurred on behalf of the family" during the pendency of the divorce.
The trial court deducted from the total amount claimed by the wife $687.68 for items that were not covered by the reference agreement. The trial court specifically found that the cost of renting a storage facility, the cost of repairing the wife's car, and the $200 cash Christmas present to the minor child should be deducted from the total amount claimed by the wife. However, the trial court failed to deduct the $364.56 automobile payment that the wife agreed should be deducted from the amount owed. In addition, the trial court miscalculated the total amount claimed by the wife. The wife submitted bills that totaled $3,659.43; the trial court's order states that the wife submitted $3,697.43 in bills. The judgment is reversed, and on remand, the trial court is instructed to recalculate the amount owed by the husband in accordance with this opinion.
The appellee's request for an attorney fee is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
MONROE, J., concurs in the result only.
[1] A reference hearing is similar to a pendente lite hearing to set child support or alimony pending the final hearing. In this case, the reference healing was held before the circuit clerk.