RUSSELL, Judge.
This is a divorce case.
The parties were divorced on November 14, 1985. In its decree, the trial court held in abeyance the amount of alimony and support to be paid. Subsequently, the wife filed a petition for modification, requesting that an amount of alimony be set, that she be indemnified by the husband for any amounts owed by him to the State of Alabama or to the Internal Revenue Service, which she may pay, and that she be awarded attorney fees. The husband also sought a court order requiring the wife to provide him with personal items awarded to him by the original decree.
Following an ore tenus hearing, the trial court awarded the wife periodic alimony in the amount of 25% of the husband’s gross income, but not less than $500 per month, and an attorney’s fee of $1,500 and ordered indemnification by the husband of any amounts paid by the wife to the State or to the Internal Revenue Service.
The husband appeals, contending that the trial court abused its discretion by awarding periodic alimony to the wife. We affirm.
The law is well settled that an award of such alimony is a matter resting “within the sound discretion of the trial judge who will not be reversed absent a plain and palpable abuse of that discretion.” Hinds v. Hinds, 415 So.2d 1122, 1125 (Ala.Civ.App.1982). That case also set forth various factors to be considered by the trial court in determining an award, including the financial circumstances of the parties; the length of the marriage; the parties’ *967 future prospects; and, where appropriate, the fault of the parties. Id. at 1126.
A careful review of the record reveals that the trial court, in view of the factors enumerated above, did not abuse its discretion in awarding the wife periodic alimony. It reveals, in pertinent part, that the husband has a college education and has enjoyed a steady rise in his annual income. Moreover, the parties to this action were married for twenty-five years, during the majority of which the wife was not employed, but instead remained home to rear their three children. Although she has since gained employment, she does not possess a college degree or any marketable skills which would allow her to earn an income commensurate with her former standard of living. Consequently, we find that the award of periodic alimony was not an abuse of discretion.
The husband further asserts that the trial court abused its discretion by ordering the husband to indemnify the wife for any sum of money she may pay to the State of Alabama or to the Internal Revenue Service to satisfy overdue taxes owed by the husband. However, because the husband did not raise this issue at the trial level, we are unable to address it on appeal. Similarly, the record reveals that the husband did not challenge the wife’s right to an award of attorney fees in the trial court. The law is well settled that issues not raised in the trial court cannot be raised for the first time on appeal. Blankenship v. Sparkman, 497 So.2d 501 (Ala.Civ.App.1986); Hinds, 415 So.2d 1122.
Finally, the husband sought an order compelling the wife to deliver to him his personal property awarded in the original divorce decree. He asserts that the trial court’s ruling with regard to his motion affected an improper modification of the original property settlement agreed to by both parties at the time of divorce. We find that his interpretation of this ruling is incorrect in that it does not modify the court’s original decree. Consequently, there is no error with respect to this ruling.
For the reasons stated above, this case is due to be affirmed.
The wife has requested an attorney’s fee for representation on appeal. That request is hereby granted in the amount of $500. The husband’s request for attorney fees is denied.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.