The trial court divorced the parties in 1973; it modified the divorce judgment in 1979 and 1980. In 1984, the wife petitioned for a rule nisi, alleging that the husband had failed to pay child support and medical expenses and to maintain medical insurance for their two minor children, requesting the court to find the husband in contempt for his alleged willful failure or refusal to obey the prior judgment. The husband failed to answer. On September 6, 1985, the court found the husband in contempt and ordered him incarcerated until he paid $24,596.88 in delinquent child support and medical payments for the children. The court further ordered the husband to pay the wife an attorney fee of $500. However, the contempt citation was not executed until 1995, when the husband was taken into custody upon his return to Alabama to attend his son's wedding. After posting an appearance bond, the husband filed a Rule 60(b)(6), Ala.R.Civ.P., motion, requesting relief from the "incarceration portion" of the judgment, stating that he was unable to pay and was, thus, unable to purge himself of the contempt. *Page 1190 
Following an ore tenus hearing, the court again found the husband in contempt and ordered him incarcerated until he paid the judgment. The husband moved for a new trial, asserting a Rule 60(b)(4), Ala.R.Civ.P., claim, again alleging that he was unable to comply with the order and again asking the court to set it aside. The husband is currently out on bond, pending this appeal.
This court has consistently held that in contempt cases, our review of rulings on Rule 60(b) motions is limited to questions of law and the correctness of the trial court's order, not the correctness of the underlying judgment from which the movant is requesting relief. Vaughan v. Vaughan, 539 So.2d 1058
(Ala.Civ.App. 1988), cert. denied, 539 So.2d 1060 (Ala. 1989). We have stated that the trial court has wide discretion in denying or granting the motion and, therefore, that its ruling will be reversed only for an abuse of discretion. See McLeod v. McLeod,473 So.2d 1097 (Ala.Civ.App. 1985), Antepenko v. Antepenko,584 So.2d 836 (Ala.Civ.App. 1991). However, this court has also held that inability to pay is a valid defense to a contempt charge and that it is improper to imprison someone who cannot pay. In Carr v. Broyles, 652 So.2d 299, 301
(Ala.Civ.App. 1994), this court stated:
 "When a parent is ordered to pay child support and fails to do so, a lack of ability to pay a delinquent amount is a complete defense to a civil contempt proceeding regarding the delinquent child support. In such a case, if the obligated parent presents evidence that her failure to pay the delinquency is due to financial inability, the burden then shifts to the parent to whom child support is due to prove beyond a reasonable doubt that the obligated parent is financially able to pay the amount of child support ordered. If a person is found in civil contempt because of her failure to pay a certain amount of money, and she shows that she is unable to pay that amount, then the contempt order must be set aside."
(Citations omitted.) This analysis is consistent with our recent holding in Summers v. Summers, 661 So.2d 243
(Ala.Civ.App. 1995), where we held that the court's incarceration of a husband for his failure to pay $22,976.99 and the denial of his Rule 60(b)(4) motion were reversible error. The husband had provided proof that he was unable to pay the alimony arrearage; his total income was $2100 per month in disability benefits and his living expenses totaled $2000 per month.
Here, it appears that the husband provided sufficient testimony and documents to support a finding that he was unable to pay the $24,596.88 judgment and thereby to purge himself of contempt. His current source of income is from his repair business; he averages $100 to $125 per week. His assets consist of a one-third interest in a parcel of land, a 1987 pickup truck, and $2000 worth of tools that he uses in his business. Although we note the substantial amount of child support arrearage and the wife's diligent pursuit to collect, the wife offered no evidence to refute the husband's evidence that he was unable to pay. Therefore, we reverse the judgment and remand the case for the court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, J., concurs.
ROBERTSON, P.J., concurs in result only.