THOMPSON, Judge.
James R. Haynes suffered an on-the-job injury while working for Birmingham Steel Erectors (“BSE”). Haynes and BSE entered into an agreement to settle Haynes’s claim for workers’ compensation benefits. On March 11, 1996, the trial court entered a judgment that incorporated the terms of that agreement.
On April 30, 1998, Haynes petitioned to have BSE held in contempt of court for its alleged failure to comply with the terms of the March 11, 1996, judgment. On August 11, 1998, the trial court conducted a hearing and received ore tenus evidence. On January 25, 2001, the trial court entered a judgment finding BSE in contempt and ordering it to pay damages. BSE filed a postjudgment motion; the trial court denied that motion, and BSE appealed.
The record indicates that Haynes, an ironworker, is a member of a labor union. Contracts between employers and the labor union to which Haynes belongs govern how an employer may hire a potential employee belonging to that union. Typically, in order to hire a member of the labor union, an employer such as BSE must send a request for workers to the labor union. The labor union then determines which of its members are available and eligible to work, and it “presents” those workers for employment' with the potential employer. The existing contract between BSE and the labor union provides that BSE can specifically request individual workers from the labor union to fill 60% of its labor needs; the other 40% of BSE’s labor force is selected by the labor union.
Haynes alleged that BSE was required, pursuant to the March 11, 1996, settlement agreement, to provide him employment. In making this argument, Haynes relies on the following provision of the March 11, 1996, judgment (hereinafter referred to as “paragraph seven”):
“7. That Defendant, BSE, has agreed to employ [Haynes] through the local Union(s) if such employment is available at BSE which is consistent with the limitations and restrictions imposed by [Haynes’s] treating physician. [Haynes] authorizes and understands that all work must be coordinated through the applicable Union and that BSE cannot hire [Haynes] unless presented to BSE by such Union.”
Mark Bagley, the safety director for BSE’s Industrial Contractor’s Division, testified that between April 1997 and the August 11, 1998, hearing, BSE had employed Haynes on 14 separate occasions. The record does not indicate the durations of each or the total duration of those 14 *496 work assignments. Bagley testified that when a BSE project supervisor requested employees from the labor union, the labor union made-the decision as to which workers to present to BSE for employment. Bagley testified that generally, the BSE project supervisors would request a specific individual for employment only under certain circumstances, such as where the worker had a unique skill. No project supervisor at BSE ever specifically requested Haynes for employment. Bagley stated that it was his understanding that the March 11, 1996, judgment required BSE to hire Haynes any time the union presented him to BSE for employment. It is undisputed that BSE hired Haynes every time he was presented for hire by the labor union.
Robert Paul Nix, the president of the labor union to which Haynes belonged, testified that it was common for employers to request certain individuals for employment. Nix also testified that in the past, when it requested employees from the labor union, BSE had requested a specific individual for employment.
Haynes testified at trial that while the parties were attempting to negotiate a settlement of his workers’ compensation claim, Bagley promised him a job with BSE that was within his medical restrictions. Haynes testified that Bagley specifically mentioned a job in a “tool room.” Relying on that alleged promise, Haynes argued that paragraph seven requires BSE to specifically request that the union present him to BSE for employment. Haynes earned $4,665 in wages from BSE in 1997, and $991 in wages from BSE from the beginning of 1998 until the August 11, 1998, hearing.
On appeal, BSE argues that-the trial court erred in finding it in contempt for “failing ... to attempt to provide employment to [Haynes] as ordered under paragraph seven of [the March 11, 1996, judgment].” “Civil contempt” is defined as a “willful, continuing failure or refusal of any person to comply with a court’s lawful writ, subpoena, process, order, rule or command that by its nature is still capable of being complied with.” Rule 70A(a)(2)(D), Ala. R. Civ. P. Where a person or an entity found to be in contempt is not being held in custody pursuant to the contempt adjudication, the contempt adjudication is reviewable by appeal. Rule 70A(g)(2), Ala. R. Civ. P. The determination of whether a party is in contempt is within the sound discretion of the trial court, and that determination will not be reversed absent a showing of an abuse of that discretion. Stack v. Stack, 646 So.2d 51 (Ma.Civ.App.1994).
BSE argues that the trial court’s judgment is erroneous, because, it argues, BSE had complied with paragraph seven of the March 11, 1996, judgment. BSE cites Cavender v. State Mutual Insurance Co., 748 So.2d 863 (Ala.1999), in support of this argument.
In Cavender v. State Mutual Insurance Co., supra, the circuit court entered a judgment that incorporated the terms of a settlement agreement reached by the parties in two class actions (hereinafter the “Tidmore-Bell actions”). The Tidmore-Bell plaintiffs had alleged that State Mutual had made misrepresentations in order to entice them to purchase insurance policies. After the settlement of the Tidmore-Bell actions, Cavender and other individuals (hereinafter the “Cavender plaintiffs”) sued State Mutual, alleging claims of breach of fiduciary duty. On the basis of the judgment in the Tidmore-Bell actions, the trial court enjoined the Cavender plaintiffs from maintaining their action; it imposed a contempt sanction on the plaintiffs, fining them $236,360. Our supreme court held that the judgment that disposed *497 of the Tidmore-Bell actions did not preclude the Cavender plaintiffs’ action. Cavender v. State Mut. Ins. Co., 748 So.2d at 868. Therefore, the supreme court reversed the trial court’s judgment, concluding that the trial court had abused its discretion in finding the plaintiffs in contempt for filing their action. The supreme court concluded that the Cavender plaintiffs could not be held in contempt and sanctioned for violating, or failing to comply with, the provisions of the Tidmore-Bell judgment because those plaintiffs did not violate the terms of that judgment. “[T]he [trial court] cannot sanction the Ca-vender plaintiffs and their attorneys for violating the Tidmore-Bell release, because their filing and prosecuting the Mobile action does not violate the Tidmore-Bell release.” Cavender v. State Mut. Ins. Co., 748 So.2d at 868.
BSE asserts that this case is governed by the holding in Cavender v. State Mutual Insurance Co., supra. BSE argues that it complied with the terms of paragraph seven; therefore, BSE argues, it cannot be held in contempt for failing to comply with the terms of that judgment. See Cavender v. State Mut. Ins. Co., supra.
Initially, we note that where a contract or a judgment is unambiguous, the terms of that contract or judgment control, and parol evidence is not admissible to contradict, vary, add to, or subtract from those terms. Marriott Int'l, Inc. v. deCelle, 722 So.2d 760 (Ala.1998). The trial court received parol evidence regarding the parties’ intentions in entering into the settlement agreement and their interpretations of paragraph seven. Therefore, we conclude that the trial court found paragraph seven to be ambiguous.
“Whether an agreement is ambiguous is a question of law for the trial court. Terry Cove North v. Baldwin County Sewer Authority, Inc., 480 So.2d 1171 (Ala.1985). When the agreement is reasonably susceptible to more than one meaning, an ambiguity exists. The instrument is unambiguous if only one reasonable meaning clearly emerges. Blue Cross & Blue Shield of Alabama v. Beck, 528 So.2d 121 (Ala.Civ.App.1988). The words of an agreement are to be given their ordinary meaning, and the intention of the parties is to be derived from the provisions of the contract. Smith v. Citicorp Person-to-Person Financial Centers, Inc., 477 So.2d 308 (Ala.1985). When the provisions are certain and clear, it is the duty of the trial court to analyze and determine the meaning of the provisions. Pate v. Merchants National Bank of Mobile, 428 So.2d 37 (Ala.1983). Where an ambiguity exists, the trial court may admit parol evidence to explain or clarify the ambiguity. Mass Appraisal Services, Inc. v. Carmichael, 404 So.2d 666 (Ala.1981).”
Vainrib v. Downey, 565 So.2d 647, 648 (Ala.Civ.App.1990).
After examining its terms, however, we cannot conclude that paragraph seven is ambiguous. Therefore, its meaning must be determined from its clear terms. Pursuant to paragraph seven, BSE agreed to employ Haynes if it had an available position that would accommodate his limitations and restrictions. Bagley testified that at all relevant times, BSE had available employment opportunities that would accommodate Haynes’s restrictions. Paragraph seven then states that any hiring of Haynes by BSE must be “coordinated” through the labor union. The witnesses’ testimony established that every time the union had presented Haynes to BSE for employment, BSE had hired Haynes.
Thus, the record indicates that BSE complied with the clear and unambiguous terms of paragraph seven of the *498 March 11, 1996, judgment. The rights of the parties are controlled by that judgment. Therefore, parol evidence was not admissible to vary or add to the terms of that judgment. See Marriott Int’l, Inc. v. deCelle, supra. We conclude that because BSE complied with the unambiguous terms of the March 11, 1996, judgment, the trial court erred in finding BSE in contempt with regard to that judgment and in imposing sanctions against it. See Cavender v. State Mut. Ins. Co., 748 So.2d at 868. Because we reverse the trial court’s judgment on this issue, the other issues raised in BSE’s brief on appeal are pretermitted.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.