PITTMAN, Judge.
Tracey Steel Grant (“the wife”) and Tyrone Clyde Grant (“the husband”) were divorced in 1990. They had one minor child, who was born that same year. The wife was awarded primary physical custody of the child and the husband was ordered to pay child support. On September 26, 2001, the wife filed a petition to modify the amount of child support, seeking an increase in the amount from $108.72 per month, based on a material change in circumstances. Further, the petition to modify asked the trial court to address health insurance coverage and unpaid medical expenses of the minor child; both of which were not addressed in the divorce judgment. The husband, acting pro se, filed an answer and a counterclaim arguing that the wife was in contempt of court for failing to return specific items of property as ordered by the trial court in the original divorce judgment. Following a hearing at which ore tenus evidence was presented, the trial court increased the husband’s child-support obligation to $282 per month. In addition, the trial court found the wife in contempt and ordered her either to return the husband’s property listed in the divorce judgment or to pay the husband $2,000 for the property. The wife appealed.
The wife first contends that the trial court committed reversible error by failing to correctly apply the child-support guidelines found in Rule 32, Ala. R. Jud. Admin., when determining the amount of the modified child support. Specifically, the wife argues that the trial court incorrectly considered the husband’s two children from a previous marriage and calculated the child support based on the parties having three children instead of one child. Further, the wife also contends that the trial court failed to follow the Rule 32 child-support guidelines when it failed to complete a CS-42 as part of its child-support order.
This court has consistently held that when child support is made an issue on appeal and the record does not reflect compliance with Rule 32(E) this court must remand the case for compliance with the rule. Martin v. Martin, 637 So.2d 901, 903 (Ala.Civ.App.1994). The record on appeal contains no forms, although references are made to the guidelines in the minimal testimony taken at the hearing on the petition to modify. Neither the husband nor the wife filed CS-41 forms as required by Rule 32.
“Rule 32(E), Ala. R. Jud. Admin., requires that ‘[a] standardized “Child Support Guidelines” form and a “Child Support Obligation Income Statement/Affidavit” form shall be filed in each action to establish or modify child support obligations and [those forms] shall be of record and shall be deemed to be incorporated by reference in the court’s child support order.’ ”
Nelson v. Landis, 709 So.2d 1299, 1300 (Ala.Civ.App.1998). Because the required forms were not filed and the trial court failed to file a CS-42 form or to incorporate that form into its child-support modification order, we must remand the case for the trial court to secure CS-41 forms from the husband and the wife and to complete a CS-42 form in order to comply with the requirements set out in Rule 32(E).
Although the record does not contain the proper CS-41 and CS-42 forms, we have reviewed the trial court’s application of the child-support guidelines found in Rule 32(A)(1), Ala. R. Jud. Admin. We note that the trial court incorrectly considered the husband’s two children from a previous marriage when determining the amount of modified child support. The record indicates that the trial court based *188 its calculation of child support on the husband and the wife’s having three children, giving each child a pro rata share of the total support due. Because only one child was born of the parties’ marriage, the trial court’s method of calculating the amount of child support due is clearly erroneous.
Rule 32(C)(1) provides in pertinent part as follows: “ ‘Adjusted gross income’ means gross income less preexisting child support obligations.... The category entitled ‘number of children due support’ in the schedule means children for whom the parents share joint legal responsibility and for whom support is being sought.” While it is a fact that the husband has two children from a previous marriage as to whom he also had child-support obligations, the husband and the wife had only one child. The trial court apparently did not deduct from the husband’s gross monthly income the amount of support paid for the two children of the previous marriage before calculating the support due for the one child. See State ex rel. English v. Troisi, 659 So.2d 658 (Ala.Civ.App.1995); see also Low v. State ex rel. Wattman, 602 So.2d 485 (Ala.Civ.App.1992). Therefore, we find the trial court incorrectly applied the child-support guidelines insofar as it calculated the amount of support due based on three children. Accordingly, the judgment insofar as it calculates the amount of child support is reversed.
The wife next argues that the trial court erred by finding her in contempt for failing to return the husband’s property as ordered in the original judgment of divorce.
“‘[Wjhether a party is in contempt of court is a determination committed to the sound discretion of the trial court and, absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, [the appellate] court will affirm.’ ”
Cavender v. State Mut. Ins. Co., 748 So.2d 863, 868 (Ala.1999) (quoting Stack v. Stack, 646 So.2d 51, 56 (Ala.Civ.App.1994)). It is completely within the trial court’s discretion to determine whether a party is in contempt. In reviewing a case alleging contempt, our review of the record is limited solely to determining if there is support for the trial court’s order. Seay v. Seay, 678 So.2d 1189 (Ala.Civ.App.1996).
The record indicates that the wife failed to return several items of the husband’s personal property. While the record reveals that the trial court heard no extensive testimony regarding the wife’s failure to return the property, the record does show that the wife did not object to the court’s finding of contempt. When the issue of the wife’s failure to return the husband’s personal property was addressed, the court referenced an off-the-record discussion to which all parties were present. Further, the wife agreed to pay the husband, through the clerk’s office, $2,000 for the personal property. In light of the foregoing, we cannot say that the judgment of the trial court was plainly and palpably wrong. See Cavender, supra. Therefore, we conclude that the trial court did not abuse its discretion by finding the wife in contempt.
We affirm the trial court’s judgment as to the finding of contempt, but we reverse its judgment as to the calculation of the award of child support and remand the case for the trial court to calculate the correct amount of child support pursuant to Rule 32(C)(1), Ala. R. Jud. Admin. On remand, the trial court must obtain CS-41 forms from the husband and the wife as well as complete a CS-42 form to comply with Rule 32(E), Ala. R. Jud. Admin.
*189 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and CRAWLEY and MURDOCK, JJ., concur.
THOMPSON, J., concurs in the result.