BRYAN, Judge.
 

 Brandy Lee Thurman (“the mother”) appeals from a judgment entered by the Dale Circuit Court (“the trial court”) insofar as it denied her petition for relief from a judgment and refused to hold James Ronald Thurman, Jr. (“the father”), in contempt.
 

 Background and Procedural History
 

 The record indicates that the trial court entered a judgment divorcing the parties on September 5, 2008. The divorce judgment incorporated an agreement entered into by the parties in July 2008 regarding, among other things, the division of their marital property and custody of the three children born during the marriage. Pursuant to the agreement, the parties maintained joint legal custody of the children and the mother was awarded primary physical custody of the children, subject to the father’s visitation rights.
 

 On November 7, 2008, the father filed a motion pursuant to Rule 60(b), Ala. R. Civ. P., requesting relief from the custodial provisions of the divorce judgment. The parties subsequently entered into an agreement on November 24, 2008, which was ratified by the trial court on or about December 1, 2008, that awarded the father primary physical custody of the parties’ two oldest children, T.T. and J.T. The mother maintained primary physical custody of the parties’ youngest child, M.T.
 

 On August 24, 2009, the mother filed a petition for a rule nisi and a petition to modify custody. The mother requested, among other things, that the trial court hold the father in contempt for failure to abide by the visitation provisions in the divorce judgment and that the trial court award her the care, custody, and control of all the children. The mother alleged that the father’s November 2008 Rule 60(b) motion had contained false allegations and that the father had coerced the mother into signing the custody-modification agreement that was ratified by the trial court on December 1, 2008. The father
 
 *442
 
 subsequently filed an answer and a counterclaim seeking a modification of the December 2008 judgment so that he was awarded sole physical custody of M.T.
 

 On September 25, 2009, the mother filed a motion for immediate return of personal property. The mother alleged that the father had refused to allow her to retrieve all the personal property that she had been awarded pursuant to their divorce judgment. The trial court subsequently entered an order stating the mother should make an effort to resolve the issue before trial but that it would address the issue of the father’s alleged contempt at trial if the issue was not resolved before that time. The father subsequently filed an amended counterclaim alleging that the mother was in contempt of the divorce judgment because she had failed to refinance her vehicle as ordered in the divorce judgment and because she had relocated with M.T., the parties’ youngest child, outside Dothan without his prior written consent, as required by the divorce judgment.
 

 The trial court conducted an ore tenus proceeding on December 21, 2009, and February 17, 2010, and it purported to enter a final judgment on March 5, 2010. The trial court denied the mother’s custody-modification petition, but it granted the father’s counterclaim seeking modification of custody-modification. The trial court also denied the father’s request to hold the mother in contempt and it denied an aspect of the mother’s petition to modify that it construed as a request for relief pursuant to Rule 60(b), Ala. R. Civ. P.
 
 [1]
 
 However, that judgment did not dispose of the mother’s petitions to hold the father in contempt.
 
 [2]
 
 On October 18, 2010, the trial court entered an order finding that the father was not in contempt of the divorce judgment. Without filing a postjudgment motion, the mother timely appealed.
 

 Issues
 

 On appeal, the mother contends that the trial court erred by failing to grant her request for relief pursuant to Rule 60(b)(6), Ala. R. Civ. P., and that the trial court erred by failing to use its contempt powers to compel the father to return the personal property that she was awarded in the divorce judgment.
 

 Facts
 

 At the time of trial in December 2009, T.T. was seven years old, J.T. was five years old, and M.T. was three years old.
 

 The mother stated that, at the time the father filed his Rule 60(b) motion in November 2008, she was living with her mother and stepfather and living off of only the $1,029.49 that the father paid her in child support each month. She had started an embroidery business after the parties divorced, but the record indicates
 
 *443
 
 that mother earned only $10,000 a year through that business. At the time of the December 2009 hearing, the mother had closed her business. She alleged that the father would not help her pay for day care for the children, and she stated that she had asked the father for additional funds to assist with school supplies and clothing for the children in 2008, but the father had refused.
 

 The mother stated that the father did not pay her child support in November 2008, which affected her ability to obtain legal counsel to defend his November 2008 Rule 60(b) motion. The mother also stated that the father had asked her to refund some of his child-support payment from October 2008 because T.T. and J.T., around mid-September 2008, had begun spending the night at the father’s house on weeknights so that they could catch a bus to school from the father’s house. The mother stated that the parties had entered into this arrangement to save money on gasoline.
 

 The father presented evidence indicating that he had paid child support to the mother in September, October, and November 2008, either on the first of the month or a few days before the first of the month. The father testified that, beginning near the end of July 2008, the children had stayed at his home almost every night but that he had still paid the mother the child-support payments that he was required to make pursuant to the divorce judgment.
 

 According to the mother, after the parties divorced but before she signed the custody-modification agreement in November 2008, the father had threatened to take the children away from her if she did not agree to reunite their family. The mother stated that, on October 31, 2008, the father punched the windows of her vehicle and said vulgar things when he saw that the mother had brought her boyfriend, Kevin, to a visitation exchange. The mother married Kevin in September 2009, and the mother stated that the father had threatened Kevin by telling him that he would ensure that Kevin would not succeed in his career.
 

 Apparently, the father and Kevin were friends and worked together at Fort Ruck-er, an Army base near Dothan, before the parties divorced. The father admitted that he had shouted at Kevin and that he had hit the mother’s vehicle with his hands on that occasion on October 31, 2008, but he stated that he had just been told that the mother and Kevin had had an affair before the parties divorced and that he had asked the mother not to bring Kevin to visitation exchanges.
 

 The mother produced several witnesses to present evidence indicating that some of the allegations made by the father in his November 2008 Rule 60(b) motion were false. However, the father stated that he did not put any allegation in his November 2008 Rule 60(b) motion that was false. The father testified that he and the mother discussed his Rule 60(b) motion after it was filed, and the father alleged that the custody-modification agreement was the mother’s idea. The father stated that he was present with the mother at his attorney’s office when the mother signed the custody-modification agreement, that his attorney went over the agreement in detail with the mother, that his attorney had pointed at him and asked the mother if the father had coerced her into reaching an agreement, and that the mother had stated that she had not been coerced. According to the father, his attorney explained to the mother the consequences of signing the custody-modification agreement and the mother stated that she understood the consequences of signing the agreement. The father stated that the mother never complained about not having an attorney.
 

 
 *444
 
 The mother stated that, when she signed the custody-modification agreement in November 2008, she understood the legal effect of her signature, and she admitted that the father’s attorney had asked her if anyone had coerced her into signing the custody-modification agreement. However, she denied stating that the father had not coerced her, and she stated that she had told the father’s attorney that she had no other choice but to sign the custody-modification agreement. The mother also admitted that she understood that by signing the custody-modification agreement she was giving up the right to challenge the allegedly false allegations made in the father’s November 2008 Rule 60(b) motion.
 

 The mother stated that she had been awarded a trampoline, a swing set, and the children’s televisions, beds, clothing, and toys in the divorce judgment but that the father had not allowed the mother to retrieve those items from the former marital residence, where the father lived. The father presented documentary evidence of a letter sent via facsimile transmission from his attorney to the mother’s attorney on September 11, 2009, approximately three months before the first ore tenus hearing in this matter, indicating that the father had tried to return the belongings the mother requested on two prior occasions. The letter further stated that the mother could come to the father’s home to retrieve the items on September 19 or 26, 2009. The mother testified that her attorney’s secretary failed to inform her that she needed to confirm the scheduled pickup time with the father, and she admitted that it was not the father’s fault that she did not get her property back. However, she also alleged that the letter only referenced her daughter’s property and not all the property awarded to her in the divorce judgment.
 
 [3]
 

 The father stated that he had attempted to set up a time for the mother to retrieve the children’s belongings but that the mother had failed to retrieve them. The father also stated that, after the parties had signed the custody-modification agreement, the mother stated that she did not want the trampoline or the swing set because the father had custody of the parties’ older children.
 

 Discussion
 

 Initially, we note that the mother does not contend on appeal that the trial court should have granted her relief from the December 2008 judgment on the grounds that it was obtained by the father’s allegedly fraudulent allegations.
 
 See
 
 Rule 60(b)(3), Ala. R. Civ. P. The mother argues only that the trial court erred by denying her request for relief from the December 2008 custody-modification judgment under Rule 60(b)(6). Rule 60(b) provides, in pertinent part:
 

 “On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it
 
 *445
 
 is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken.”
 
 [4]
 

 Our supreme court has held that “ ‘ “[r]elief under Rule 60(b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice.” ’ ”
 
 Ex parte Hicks,
 
 67 So.3d 877, 880 (Ala.2011) (quoting
 
 Chambers County Comm’rs v. Walker,
 
 459 So.2d 861, 866 (Ala.1984), quoting in turn
 
 Douglass v. Capital City Church of Nazarene,
 
 443 So.2d 917, 920 (Ala.1983)). Furthermore,
 

 “[t]he decision to grant or deny a Rule 60(b)(6) motion is within the discretion of the trial judge.
 
 Ex parte Wal-Mart Stores, Inc.,
 
 725 So.2d 279, 283 (Ala.1998). The only issue we consider on an appeal from the denial of a Rule 60(b) motion is whether, by denying the motion, the trial court abused its discretion.
 
 Id.
 
 Therefore, an appeal from the denial of a Rule 60(b)(6) motion ‘does not present for review the correctness of the judgment that the movant seeks to set aside, but presents for review only the correctness of the order from which the appeal is taken.’
 
 Satterfield v. Winston Indus., Inc.,
 
 553 So.2d 61, 63 (Ala.1989).
 

 “Rule 60(b)(6) is an extreme remedy and relief under Rule 60(b)(6) will be granted only ‘in unique situations where a party can show exceptional circumstances sufficient to entitle him to relief.’
 
 Nowlin v. Druid City Hosp. Bd.,
 
 475 So.2d 469, 471 (Ala.1985). The purpose of Rule 60(b)(6) is not to relieve a party from a free and deliberate choice the party has previously made.
 
 City of Daphne v. Coffey,
 
 410 So.2d 8, 10 (Ala.1981).”
 

 Wood v. Wade,
 
 853 So.2d 909, 912-13 (Ala.2002).
 

 “In addition, under Rule 60(b)(6), relief is granted only in those extraordinary and compelling circumstances when the party can show the court sufficient equitable grounds to entitle him to relief, but relief should not be granted to a party who has failed to do everything reasonably within his power to achieve a favorable result before the judgment becomes final; otherwise, a motion for such relief from a final judgment would likely become a mere substitute for appeal and would subvert the principle of finality of judgments.”
 

 Patterson v. Hays,
 
 623 So.2d 1142, 1145 (Ala.1993).
 

 Also, “where there are disputed issues of fact to be resolved and the trial court has received ore tenus evidence, the ore tenus rule is applicable to our review of a ruling on a Rule 60(b)(6) motion.”
 
 Ex parte A & B Transp., Inc.,
 
 8 So.3d 924, 932 (Ala.2007) (citing
 
 Shipe v. Shipe,
 
 477 So.2d 430, 432 (Ala.Civ.App.1985)). ‘“[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.’ ”
 
 Fadalla v. Fadalla,
 
 929 So.2d 429, 433 (Ala.2005) (quoting
 
 Philpot v. State,
 
 843 So.2d 122, 125 (Ala.2002)). Furthermore, when a judgment fails to include specific findings of fact, “appellate courts will assume that the trial court
 
 *446
 
 made those findings necessary to support its judgment, unless such findings would be clearly erroneous.”
 
 Ex parte Bryowsky,
 
 676 So.2d 1322, 1324 (Ala.1996).
 

 After a review of the record, and considering the mother’s arguments on appeal, we cannot conclude that the trial court exceeded its discretion in denying the mother’s Rule 60(b)(6) motion for relief from the December 2008 custody-modification judgment on the basis that she was coerced into signing the underlying custody-modification agreement. Although the mother presented evidence indicating that she did not have the financial means to obtain an attorney to defend the father’s Rule 60(b) motion and that the father had threatened her and Kevin in the period leading up to the filing of his November 2008 Rule 60(b) motion, the trial court could have concluded that the mother did not present evidence of extraordinary or compelling circumstances sufficient to grant her Rule 60(b)(6) motion for relief from the December 2008 custody-modification judgment. The father testified that the mother had freely signed the custody-modification agreement and that she had specifically told his attorney that the father had not coerced her into signing the agreement. Accordingly, we affirm that aspect of the trial court’s judgment denying the mother’s Rule 60(b)(6) motion for relief from the December 2008 custody-modification judgment.
 

 The mother also argues that the trial court erred by failing to use its contempt power to compel the father to return the personal property that was awarded to the mother in the parties’ divorce judgment.
 

 “ ‘Civil contempt’ is defined as a ‘willful, continuing failure or refusal of any person to comply with a court’s lawful writ, subpoena, process, order, rule, or command that by its nature is still capable of being complied with.’ Rule 70A(a)(2)(D), Ala. R. Civ. P. The determination of whether a party is in contempt is within the sound discretion of the trial court, and that determination will not be reversed absent a showing that the court exceeded the limits of its discretion.
 
 Stack v. Stack,
 
 646 So.2d 51 (Ala.Civ.App.1994).
 

 [[Image here]]
 

 “... ‘... In reviewing a case alleging contempt, our review of the record is limited solely to determining if there is support for the trial court’s order.’
 
 Grant v. Grant,
 
 849 So.2d 186, 188 (Ala.Civ.App.2002).”
 

 Routzong v. Baker,
 
 20 So.3d 802, 810 (Ala.Civ.App.2009).
 

 The trial court heard evidence indicating that the father had attempted, on more than one occasion, to arrange for the mother to come to his home to retrieve her personal property. Because the record contains evidence supporting the trial court’s determination that the father had not willfully failed or refused to comply with the divorce judgment, we hold that the trial court did not exceed its discretion by concluding that the father was not in contempt.
 

 The mother further contends that the trial court should have entered an order compelling the father to allow her to retrieve her personal property and that, by failing to compel the father to allow her to retrieve the personal property, the trial court impermissibly modified the property-division provisions of the divorce judgment. We disagree that the trial court’s judgment has modified any part of the property-division provisions of the divorce judgment.
 
 See Rhyne v. Rhyne,
 
 564 So.2d 966, 967 (Ala.Civ.App.1989) (holding that the apparent denial of the husband’s request for an order compelling the wife to deliver to him the personal property he
 
 *447
 
 had been awarded in their divorce judgment did not constitute a modification of the original divorce judgment). The record indicates that several attempts were made to allow the mother to retrieve the personal property that she had been awarded pursuant to the divorce judgment but that, nevertheless, the mother apparently never obtained physical possession of each piece of property that she was awarded in the divorce judgment. Accordingly, we will not hold that the trial court committed error for failing to enter an order compelling the father to make that property available to the mother when the evidence indicated that he had attempted to do so. However, such a conclusion does not alter the fact that the mother is entitled to receive the property that she was awarded in the parties’ divorce judgment.
 
 See, generally, Dunn v. Dunn,
 
 12 So.3d 704, 709 (Ala.Civ.App.2008) (“A trial court loses jurisdiction to modify a property division in a divorce judgment 30 days after the entry of the judgment.”).
 

 Conclusion
 

 The judgment of the trial court is due to be affirmed. The father’s request for an attorney’s fee on appeal is granted in the amount of $1,500.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . The trial court treated the mother’s August 2009 petition to modify, insofar as it asserted that the father’s Rule 60(b) motion had contained false allegations and that the father had coerced her into signing the custody-modification agreement, as a Rule 60(b) motion because it alleged grounds that could have fallen within the parameters of a Rule 60(b) motion for relief from a judgment.
 
 See Jones v. Regions Bank,
 
 25 So.3d 427, 441 n. 9 (Ala.2009) (citing
 
 Ex parte Lang,
 
 500 So.2d 3 (Ala.1986); and
 
 Campbell v. Campbell,
 
 718 So.2d 76 (Ala.Civ.App.1998)) ("It is well settled that the substance of a motion, not its nomenclature, is controlling; the relief sought in a motion determines how the motion is treated.”).
 

 [2]
 

 . The mother appealed from the March 2010 order, but, on September 27, 2010, this court dismissed the mother's appeal based on the parties’ joint motion to dismiss the appeal because it was taken from a nonfinal judgment.
 
 See Decker v. Decker,
 
 984 So.2d 1216, 1220 (Ala.Civ.App.2007) ("[Djuring a postdi-vorce proceeding, [if] the trial court fails to rule on every pending contempt motion, its failure to do so does affect the finality of the divorce judgment.”).
 

 [3]
 

 . The mother had custody of her daughter, who is not the biological or adopted child of the father.
 

 [4]
 

 . Because the mother is relying on Rule 60(b)(6) for relief from the December 2008 judgment, the mother’s August 2009 Rule 60(b) motion is not subject to the four-month time limitation set forth in Rule 60(b). For purposes of this appeal, we will assume, without deciding, that the mother’s Rule 60(b) motion was filed within a reasonable time.